Edith Wagner Harrison
District Clerk
Lampasas County, Texas
Reviewed By: Tabitha Moore
Filed 4/22/2021 1:11 PM

CAUSE NO. 22141

| | | |
|---|---|---|
| ROGER BROWN | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | |
| | § | LAMPASAS COUNTY, TEXAS |
| AJINOMOTO FOODS NORTH AMERICA, INC. | § | 27TH JUDICIAL DISTRICT |
| *Defendants* | § | |

**PLAINTIFF'S ORIGINAL PETITION**
**REQUEST FOR DISCLOSURES**
**AND FIRST REQUESTS FOR PRODUCTION**

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW, ROGER BROWN, Plaintiff, complaining of AJINOMOTO FOODS NORTH AMERICA, INC., Defendant, ("Defendant") and for cause would show unto the Court as follows:

**DISCOVERY CONTROL PLAN**

1. Pursuant to the Texas Rules of Civil Procedure, Rule 190.1, Plaintiff states that the litigation of this case will be controlled by Level 2 discovery.

**PARTIES**

2. Plaintiff, ROGER BROWN, is, and has been at all times material hereto, a resident of Bell County, Texas.

3. Defendant, AJINOMOTO NORTH AMERICA, INC. is a corporation doing business in the State of Texas for the purpose of accumulating profits and can be served by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

Plaintiff reserves the right to join other Defendants as they are disclosed, if at all, through the ongoing discovery process.



## MISNOMER

4.  In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## JURISDICTION AND VENUE

5.  Pursuant to Tex. R. Civ. P. 47(c), Plaintiff seeks monetary relief of more than $1,000,000.00. Jurisdiction is consistent with the damages sought by Plaintiff.

6.  The events giving rise to this cause of action occurred in Lampasas County, Texas. Thus, venue is proper in Lampasas County, Texas pursuant to subsection 15.002 of the Texas Civil Practice and Remedies Code.

## FACTS

7.  On October 19, 2020, Plaintiff was performing cleaning and maintenance work in the frier room of the facility owned and operated by Ajinomoto in Lampasas, Texas in the course of his employment with Express Pros, Inc. Plaintiff was provided neither adequate training, nor sufficient safety equipment for the job by Ajinomoto. While performing his task, and unbeknownst to Plaintiff, a supervisor for Ajinomoto caused a bucket of alkaline solution to topple over onto Plaintiff's body, including but not limited to Plaintiff's leg, causing permanent, disfiguring, and disabling body injury. Plaintiff's injuries were proximately caused by Defendant's and/or Defendant's employees' negligence and gross negligence.

## CAUSES OF ACTION

Negligence

8.  The Defendant owed the Plaintiff a duty of ordinary care. The Defendant and/or Defendant's employees breached their duty of ordinary care to the Plaintiff. The Defendant's breach of duty to the Plaintiff proximately caused the Plaintiff's injuries. The Plaintiff's damages are within the jurisdictional limits of this Court.

Gross Negligence

9.  The acts and omissions described above constitute gross negligence by the Defendant. The Defendant's and/or Defendant's employee's conduct, when viewed objectively from the standpoint of the Defendant at the time of this occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. The Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including Plaintiff. The Defendant's conduct demonstrates a conscious disregard of the rights, welfare and safety of the Plaintiff. The Plaintiff suffered damages as a result of the Defendant's gross negligence. The Plaintiff's damages are within the jurisdictional limits of this Court.

## DAMAGES

10. As a direct result of the negligent acts and omissions of the Defendant, Plaintiff has suffered physical injuries, including but not limited to acid burns to Plaintiff's body. Accordingly, Plaintiff has endured constant pain and anxiety. Plaintiff has undergone numerous surgeries to treat the injuries caused by the occurrence made the basis of this lawsuit. Plaintiff continues to undergo medical treatment for the injuries he sustained.

11. As a result of the occurrence made the basis of this lawsuit, Plaintiff has incurred the following damages:

    a.  Reasonable medical care and expenses in the past for the necessary care and treatment of the injuries resulting from this occurrence.

b. Reasonable medical care and expenses which will, in all reasonable probability, be incurred in the future;

c. Physical pain and suffering in the past;

d. Physical pain and suffering in the future;

e. Mental anguish in the past;

f. Mental anguish in the future;

g. Impairment and disfigurement in the past;

h. Impairment and disfigurement in the future;

i. Loss of earnings in the past and future.

j. Punitive damages.

12. Plaintiff brings this lawsuit for recovery of actual and special damages. Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit it brought.

## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

13. Plaintiff requests that she be granted pre-judgment interest at the maximum rate allowed by law per year, commencing on the 30th day from and after the sum is due and payable, until the dates of judgment; together with post-judgment interest at the maximum rate allowed by law.

## CONDITIONS PRECEDENT

14. All conditions precedent to Plaintiff's right to bring this action and to recover damages have been performed or have occurred as required by Rule 54 of the Texas Rules of Civil Procedure.

## REQUEST FOR DISCLOSURES

15. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendants disclose within 50 days of the service of this request, the information or material described in Rule 194.2.

## ADOPTION BY REFERENCE

16. Except as otherwise expressly set forth, all statements set forth in each paragraph of this pleading are adopted by reference and incorporated into each and every other section and paragraph of this pleading to afford Plaintiff the maximum recovery for relief and for purposes of providing fair notice of Plaintiff's allegations.

## JURY TRIAL

17. Plaintiff hereby requests a trial by jury on all claims. The requisite jury fee accompanies this request.

## FIRST REQUESTS FOR PRODUCTION

18. Under Tex. R. Civ. P. 196, Defendants are requested to provide the documents or tangible things specified below, or an inspection thereof of tangible things, within fifty (50) days from the Defendants' receipt of this instrument to the office of counsel for Plaintiff.

**REQUEST FOR PRODUCTION NO. 1:**
Please produce all applicable workers' compensation insurance policies that cover Mr. Brown's injuries from the occurrence made the basis of this suit.

**REQUEST FOR PRODUCTION NO. 2:**
Please produce the operative/applicable written agreement between Ajinomoto and Express Pros.

**REQUEST FOR PRODUCTION NO. 3:**
Please produce any employment agreements or independent contractor agreements between any Defendant and Plaintiff, Roger Brown.

**REQUEST FOR PRODUCTION NO. 4:**
Please produce all equipment issued to Plaintiff, Roger Brown, in use by him on the day in question.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all training and safety materials issued by any Defendant to Plaintiff, Roger Brown, at any time during his employment.

## PRAYER

**WHERFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendant be cited to appear and answer herein; that Plaintiff be awarded actual and special damages in a sum to be specified by the trier of fact along with pre-judgment and post-judgment interest as provided by law. Plaintiff prays that he receives any such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**Mike Massey Law, PLLC**

By: */s/ David E. Odom*
David E. Odom
State Bar No.: 24037206
10810 Katy Freeway, Suite 102
Houston, TX 77043
Telephone: (888) 407-1810
Facsimile: (512) 729-7819
E-mail: david@injury-texas.com
**ATTORNEY FOR PLAINTIFF
ROGER BROWN**