Filed 9/3/2021 4:12 PM
Edith Wagner Harrison
District Clerk
Lampasas County, Texas
Reviewed By: Deeann Crawford

**CAUSE NO. 22141**

| | | |
|---|---|---|
| **ROGER BROWN** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **v.** | § | |
| | § | **LAMPASAS COUNTY, TEXAS** |
| **AJINOMOTO FOODS NORTH** | § | |
| **AMERICA, INC.** | § | **27TH JUDICIAL DISTRICT** |

### DEFENDANT AJINOMOTO FOODS NORTH AMERICA, INC.'S ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **Ajinomoto Foods North America, Inc.**, (hereinafter "Defendant") and makes the following Original Answer to Plaintiff's Original Petition, and would show the Court as follows:

### I.
### GENERAL DENIAL

1. Defendant asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure, and Defendant respectfully requests that Plaintiff be required to prove the charges and allegations against Defendant by a preponderance of the evidence as is required by the Constitution and the laws of the State of Texas.

### II.
### OTHER DEFENSES

2. Defendant's investigation of Plaintiff's claims is in its initial stage. Until Defendant is afforded the opportunity to avail itself of its rights of discovery, Defendant cannot determine with certainty which, if any, of the following defenses will be asserted at trial. These defenses are pleaded in order to preserve Defendant's right to assert them at trial and to give notice of its intention to assert these defenses and to avoid a waiver of any defenses.



EXHIBIT C

3. Defendant denies that the conditions precedent to Plaintiff's filing of this lawsuit were met.

4. Defendant specifically denies that the occurrence in question or the damages and injuries which Plaintiffs claim resulted therefrom was the result of any act and/or omission of negligence on the part of Defendant.

5. Defendant affirmatively avers that the occurrence, injuries and damages made the basis of this suit were proximately caused and produced in whole or in part by the acts and omissions of Plaintiff, or third parties over whom Defendant has no control nor right of control at the time of the occurrence in question, and such conduct was the proximate and/or sole proximate, and/or producing and/or sole producing, and/or new and independent cause of any injuries or damages to Plaintiff.

6. Defendant asserts that on the occasion in question, Plaintiff failed to exercise that degree of care of which a person of ordinary care would have exercised in the same or similar circumstances, and that such failure was the sole cause and/or proximate cause of Plaintiff's alleged injuries.

7. Defendant affirmatively avers the occurrence, injury and damages, if any, were the result of intervening and/or superseding causes. Defendant reserves its right to submit the foregoing persons or entities, known or unknown, including Plaintiff and/or other third parties, shown by the evidence as being responsible for their proportionate share of responsibility under Chapter 33 of the Texas Civil Practice & Remedies Code, whether the result of their contributory negligence, assumption of the risk, or any other breach of a legal standard permitted under the statute.

8.  Defendant asserts that Plaintiff's claims for damages may be barred in whole or in part, whether under the doctrine of comparative responsibility, failure to mitigate damages, limitations, laches or other legal theories and defenses.

9.  Defendant invokes its legal right to a reduction of any dollar verdict which may be rendered in this cause by credit for payments made to Plaintiff by other persons or entities, or by percentage reductions to which Defendant would be entitled as a result of jury findings against Plaintiff or parties other than Defendant, including those designated as responsible third parties. In this connection, Defendant reserves the right to submit issues against parties, including but not limited to Plaintiff and any other responsible third party who may be present in this case or absent from the case at the time the matter is passed to the jury for fact determinations.

10.  Defendant asserts the limitation on recovery of medical or healthcare expenses as set forth in Section 41.0105 of the Texas Civil Practice & Remedies Code, which provides that recovery of medical or health care expenses, past or future, be limited to the amount actually paid or incurred by or on behalf of the claimant.

11.  Defendant asserts that any damages assessed for loss of past or future wage-earning capacity must be limited to the net loss after reduction for income tax payments or unpaid tax liability pursuant to Federal Income Tax law. *See* TEX. CIV. PRAC. & REM. CODE § 18.091.

12.  Defendant affirmatively alleges that Plaintiff is not entitled to recover for some or all of the damages sought, including but not limited to, past and future physical pain and suffering, and past and future mental anguish.

13.  For further answer, if such be necessary, Defendant requests that in the event at the time of submission Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, etc., that in accordance with the statutory requirements imposed

by Section 18.091 of the Texas Civil Practice and Remedies Code the Court "instruct the jury as to whether any recovery for compensatory damages sought by the claimant is subject to federal or state income taxes."

14. Defendant asserts that Plaintiff has an affirmative obligation to protect and preserve all evidence related to, or in any manner connected to, the claims in this suit. To the extent Plaintiff has breached this obligation, his claim should be barred by the doctrine of spoliation and/or other applicable law.

15. In further answer, any recovery by Plaintiff is barred or to be reduced in accordance with the legal and equitable principles of payment, satisfaction, accord and satisfaction, setoff, and the rules barring windfalls and double recovery.

16. Defendant pleads §304.003 of the Texas Finance Code regarding the proper statutory computation of post-judgment interest. The pre-judgment interest rate is the same as the post- judgment interest rate pursuant to Texas Finance Code §304.103. Pursuant to §304.1045 of the Texas Finance Code, pre-judgment interest is not recoverable on a finding, if any, of future damages found by the trier of fact.

17. Defendant asserts the limitation on recovery of medical or healthcare expenses as set forth in Section 41.0105 of the Texas Civil Practice & Remedies Code, which provides that recovery of medical or health care expenses, past or future, incurred is limited to the amount actually paid or incurred by or on behalf of the claimant. To the extent Plaintiff seeks recovery for medical bills, expenses, and services incurred, but which were never charged to Plaintiff and, thus, were never paid or in fact incurred by him, Defendant would show that Plaintiff is not entitled to recover those amounts. Defendant is entitled to credit for any offset or discount from

fees for services; specifically, Plaintiff may only recover medical or healthcare expenses that were actually paid or that were incurred by or on Plaintiff's behalf.

18. In further answer, Plaintiff's claims for punitive damages against Defendant cannot be sustained because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Defendant's rights under Amendments IV, V, VI, and XIV of the United States Constitution and by Sections 9, 10, 14, and 19 of Article I of the Texas Constitution.

19. Defendant denies Plaintiff's allegations of gross negligence and hereby object to the claims made against Defendant for an award of exemplary damages and would show that any such award of exemplary damages would be a denial of Defendant's Constitutional rights pursuant to the Texas and United States Constitutions for reasons including, but not limited to, the following:

(A) Defendant would show that the standard for an award of punitive damages is unconstitutionally vague. It allows virtually standardless discretion to the jury to determine punishment. It further deprives Defendant of adequate prior notice of the specific conduct for which it could be punished or the specific magnitude of the potential punishment. Accordingly, Defendant would show that the standard for the imposition of punitive damages is unconstitutionally vague and is further constitutionally defective as an ex post facto legal penalty as proscribed by the Texas and United States Constitutions.

(B) Defendant would show that any award of punitive or exemplary damages would violate Defendant's rights to due process of law. Any award of punitive damages is clearly in the nature of a criminal penalty. However, unlike a standard for recognized criminal penalties, the current applicable standard for an award of punitive damages places little or no restrictions on a jury's discretion. Defendant is given no advance notice that a particular course of conduct may subject them to punishment and are given no notice as to the particular amount or magnitude of punishment that may result. Consequently, any award of punitive damages against Defendant would violate its due process rights pursuant to the Texas and United States Constitutions.

(C)     Defendant would show that the civil justice system is intended only to allow a claimant to be made whole and not intended to impose punishment. Defendant would show that any award of damages in excess of Plaintiff's actual damages would violate its rights to due process of law and equal protection of the law, and would constitute an unconstitutional excessive fine as forbidden by the Texas and United States Constitutions.

(D)     Defendant would show that the admission of any evidence concerning the size or wealth of Defendant will create an undue risk of an improper verdict on each issue concerning liability, the measure of compensatory damages, whether to award punitive damages, and the measure of punitive damages. As such, the admission of any such evidence violates Defendant's rights to due process of law and equal protection of the law pursuant to the Texas and United States Constitutions.

(E)     Defendant is subjected to all the hazards and risks of what amounts to a fine and, in fact, such awards often exceed normal criminal fines, but Defendant receives none of the basic rights accorded to a criminal defendant when being subjected to possible criminal penalties.

20.     Defendant would show that the assessment and award of punitive and/or exemplary damages violates the Eighth Amendment of the United States Constitution as it applies to the Fourteenth Amendment of the United States Constitution and Article 1, Section 13 of the Texas Constitution in that such awards potentially constitute an excessive fine imposed without the protection of fundamental due process.

21.     Defendant invokes its rights under the Eighth and Fourteenth Amendments of the United States Constitution and respectfully request that this Court disallow the award of punitive and/or exemplary damages inasmuch as an award in this case would violate Defendant's constitutional rights under the United States Constitution. *See Defendants Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001) (citing *BMW of North America, Inc. v. Gore,* 517 U.S. 559 (1996)).

22. Defendant would further invoke its right under the Fifth Amendment of the United States Constitution wherein it reads in part, "No person shall be . . . deprived of . . . property, without due process of law[.]" for the same reasons enumerated above.

23. In the alternative, Defendant asserts its right to demand proof of punitive and/or exemplary damages by clear and convincing evidence of each element of such damages, as required by Chapter 41 of the Texas Civil Practice and Remedies Code.

24. Defendant invokes, in the alternative, its right to limitation on the amount of punitive and/or exemplary damages pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code.

## III.
## DISCOVERY LEVEL

25. Defendant requests discovery in this case be conducted under Level III pursuant to TEX. R. CIV. P. 190.4 and that the Court issue a docket control plan specifically tailored to the circumstances of this case.

## IV.
## RESERVATION OF RIGHTS

26. Defendant reserves the right to amend this Answer as permitted by the Texas Rules of Civil Procedure.

## V.
## JURY DEMAND

27. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant hereby respectfully requests a trial by Jury.

## VI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Ajinomoto Foods North America, LLC respectfully prays that this Court enter an Order denying Plaintiff's claims for relief and ordering that (1) Plaintiff take nothing by reason of this suit; (2) Defendant Ajinomoto Foods North America, LLC has judgment in its favor; (3) Defendant Ajinomoto Foods North America, LLC recover from Plaintiff its costs incurred herein; and (4) Defendant Ajinomoto Foods North America, LLC be granted such other and further relief, in law and in equity, to which it may show itself to be justly entitled.

Respectfully Submitted,

**JOHNSON, TRENT & TAYLOR, L.L.P.**

By: */s/ T. Christopher Trent*
T. Christopher Trent
Texas Bar No. 20209400
Timothy V. Burns
Texas Bar No. 24097439
919 Milam, Suite 1500
Houston, Texas 77002
Telephone: (713) 222-2323
Facsimile: (713) 222-2226
Email: ctrent@johnsontrent.com
Email: tburns@johnsontrent.com

**ATTORNEYS FOR DEFENDANT,
AJINOMOTO FOODS NORTH AMERICA,
INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record in accordance with the Texas Rules of Civil Procedure on this 3rd day of September, 2021.

    David E. Odom                                                                                                 *Via E-Service*
MIKE MASSEY LAW, PLLC
10810 Katy Freeway, Suite 102
Houston, Texas 77043
Telephone: (888) 407-1810
Facsimile:  (512) 729-7819
david@injuy-texas.com
        *Attorney for Plaintiff*


                                              */s/ T. Christopher Trent*
                                              T. Christopher Trent

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Casey King on behalf of T Trent
Bar No. 20209400
cking@johnsontrent.com
Envelope ID: 56970302
Status as of 9/3/2021 4:51 PM CST

Associated Case Party: Ajinomoto Foods North America, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| T. ChristopherTrent | | ctrent@johnsontrent.com | 9/3/2021 4:12:11 PM | SENT |
| Timothy "Pepper"Burns | | tburns@johnsontrent.com | 9/3/2021 4:12:11 PM | SENT |

Associated Case Party: Roger Brown

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David Odom | | david@injuy-texas.com | 9/3/2021 4:12:11 PM | SENT |